

FILED

FEB 15 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 05-38408-C-7 |
| MARYSHELLE CAMCAM, | ) | MC No. JMS-1 |
| Debtor. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

<u>Findings of Fact</u>

Debtor filed this voluntary chapter 7 petition on

October 13, 2005. She scheduled real property commonly known as 7750 Earlston Court, Antelope, California ("the property") as property of the estate. The property was claimed as exempt for a value of $50,000. The chapter 7 trustee has not yet filed a report regarding whether there is property available for distribution from the estate over and above that exempted by the debtor. The debtor's statement of intent indicates she intends to retain the property.

On December 2, 2005, Chase Home Finance ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to foreclose upon the property. The value of the property is $365,000. Movant holds a mortgage on the property in excess of $296,775. There is a second mortgage on the property in the amount of $72,000. The court is not aware of any other liens against the property.

Debtor has not made any mortgage payments since July 2005.

On February 14, 2006, the court held a hearing on the motion. Both debtor and movant appeared. The court took the matter under submission.

## Conclusions of Law

The automatic stay of acts against the debtor <u>in personam</u> and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c).

However, the automatic stay may be terminated earlier if

debtors fail to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtors do not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. § 362(d)(2).

Debtor's bankruptcy schedules state that the amount of movant's mortgage is $288,000, and the amount of a second mortgage is $72,000, leaving her with $5,000 in equity. However, interest has accrued on the loan since debtor filed her bankruptcy petition and has eliminated any claimed equity.

Because there is no equity in the property, the motion will be granted. The motion will also be granted due to the debtor's long-term default.

For the same reasons, the motion will also be granted as to the trustee.

An appropriate order will issue.

Dated: February 15, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Maryshelle Camcam
6529 Brock Drive
North Highlands, CA 95660

Gregory J. Smith
109 Darling Way
Roseville, CA 95678-0192

John M. Sorich
Alvarado, Shapiro & Wilson, LLP
4 Park Plaza, Suite 1230
Irvine, CA 92614

Prem N. Dhawan
Chapter 7 Trustee
P.O. Box 965
Benicia, CA 94510

Office of the United States Trustee
United States Courthouse
501 I St., Suite 7-500
Sacramento, CA  95814

Dated:

2/21/04

_____
Deputy Clerk